UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami
Case 14-37217-AJC
Ch. 11

In Re:
CAI International Inc. d/b/a Metro PCS
    Debtor
_____/

**EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 361, 362
AND 363 AND FED. R. BANKR. P. 4001 AND 9014, FOR AN INTERIM AND
FINAL ORDER AUTHORIZING THE USE OF CASH COLLATERAL
AND PETTY CASH AND GRANTING ADEQUATE PROTECTION
(Emergency hearing requested on or before December 22, 2014)**

**Statement of Exigent Circumstances**
The Debtors seek to continue to operate their business , to
preserve the value of their cell phone business, to preserve the estate and to
facilitate a successful reorganization or other disposition. Without the
immediate authorization to use cash collateral and petty cash, the Debtors will not
be able to meet current obligations or acquire goods and services
necessary for their day-to-day operations. The Debtors believe that
a hearing on this Motion is needed as soon as possible in order for
them to continue to operate their business for this purpose.

CAI International Inc. d/b/a Metro PCS (the "Debtor"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 361, 362 and 363, Fed. R. Bankr. P. 4001(b) and 9014, and Local Rules 9013-1(G) and 9075-1, file this *Debtors' Motion, Pursuant to 11 U.S.C. §§ 361, 362 and 363, Fed. R. Bankr. Pr. Rules 4001(b) and 9014, and Local Rules 9013-1(G) and 9075-1 For the Entry of an Interim and Final Order Authorizing the Use of Cash Collateral and Petty Cash and Granting Adequate Protection* (the "Motion") seeking entry of an order authorizing the use of cash, and petty cash, including cash collateral; (collectively, the "Lender") may claim an interest and the granting of adequate protection. In support of this Motion, the Debtors rely upon the *budget* filed as Exhibit A hereto, and respectfully represent as follows:

**I. Jurisdiction**

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this

District pursuant to 28 U.S.C. § 1408.

**II. Background**

2. On 12/12/14 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11, title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

3. The Debtor is operating its business and managing its affairs as debtors in possession, 11 U.S.C. §§ 1107(a) and 1108. Debtor operates a retail cell phone business.

4. No trustee, or examiner or committee has been appointed in these Chapter 11 cases.

5. Pre-petition, the Debtor operated it business, and Lender Fifth Third Bank obtained a judgment on several obligations in an approximate amount of $2,700,000 August 25, 2014.

6. The difficulties confronting the recession, and finance issues have been widely reported in the media. Because the Debtor could not readily sell or refinance due to objections by Lender, it commenced this Chapter 11 case to preserve the value of its assets for all constituents. The Debtor believes that the value of the estate can be best realized through an orderly reorganization and disposition.

### III. Requested Relief and Basis Therefor

7. By this Motion, the Debtor seeks the entry of an interim Order (the "Interim Order") authorizing, use of "Cash Collateral" (as that term is defined in Section 363(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")). The filing of this Motion does not constitute an admission by the Debtors' that any of the Lenders hold valid liens on the Debtors' cash. The Debtors reserve the right to contest the validity, priority and extent of each Lenders' liens as well as the amount of each of the Lenders' claims.

8. An immediate and critical need exists for the Debtors to be permitted access to Cash Collateral to continue to operate. Therefore, the Debtor seeks an preliminary hearing (the "Preliminary Hearing") in accordance with Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"). At the Preliminary Hearing, the Debtors will seek entry of an Interim Order. , in compliance with the budget which will be filed and served separately and made a part hereto as **Exhibit A** (the "Budget") and

in order to, *inter alia*, pay wages, other direct operating expenses, to preserve the value of their assets so as to avoid immediate and irreparable harm to their estates, and to afford the Debtors adequate time to negotiate and seek approval for additional cash collateral to use petty cash , subject to and within the limits imposed by the mutually agreed upon Budget.

9. By this Motion, the Debtor further seeks a final hearing (the "Final Hearing") on this Motion, to be held no less than fifteen (15) days from service of a notice of hearing on such Final Hearing, in accordance with Bankruptcy Rule 4001(b)(2) and (3).

10. The following lenders may assert an interest in cash collateral: Fifth Third Bank.

11. To the extent that non-bankruptcy law provides that a creditor must be able to identify cash proceeds in order to maintain an interest in them, see U.C.C. § 9-306(2), which provides in part that a "security interest continues in *identifiable* proceeds including collections received by the debtor" (emphasis added), the Debtors reserve the right to contest whether the commingled cash constitutes cash collateral under § 363(a) of the Bankruptcy Code.

12. Debtor will use those proceeds to fund their post-petition operations in the ordinary course of business for those purposes and in those amounts set forth in the Budget.

13. As adequate protection for the use of Cash Collateral the Debtors propose to grant the Lenders replacement liens on all post-petition property that is of the same nature and type of each Lenders' pre-petition collateral.

14. Entry of the Interim Order will minimize disruption of the Debtors' business and permit the Debtors to meet payroll and other operating expenses and maintain vendor support. The use of Cash Collateral sought herein is vital to avoid immediate and irreparable harm to the Debtors' estate.

15. Absent the use of the Cash Collateral, and petty cash the Debtors' estates would not have the necessary funds to satisfy their obligations. Allowing the use of the Cash Collateral, and petty cash, therefore, is in the best interests of the Debtors' estate and

creditors.

16. The terms of the proposed use of the Cash Collateral and petty cash and adequate protection arrangements are fair and reasonable under the circumstances and reflect the Debtors' exercise of prudent business judgment.

17. The Debtors believe that the relief sought in this Motion is in the best interests of the Debtors, their estates and creditors, and that the entry of the Interim Order will, *inter alia*, allow for the continued operation of the Debtors' existing business for the purposes set forth above.

### Notice of Final Hearing

18. Upon entry of the Interim Order, the Debtors will serve a copy of the Interim Order on those parties identified on the parties interested and any other entities that the Court may direct.

**WHEREFORE**, the Debtor respectfully request sthat the Court: (i) Grant this Motion; (ii) enter the Interim Order in the form attached hereto as **Exhibit B**; (iii) schedule a final hearing on this Motion; and (iv) grant such other and further relief as the Court deems just and proper.

### Certificate Of Service

**I hereby certify** that, a true and correct copy of the foregoing was served upon all parties as indicated, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the notice of electronic filing indicates that notice was electronically mailed to said party, which Fifth Third Bank is.

JOEL M. ARESTY, P.A.
Counsel for Debtor
309 1st Ave S
Tierra Verde FL 33715
Phone: 305-899-9876
Fax: 305-723-7893
E-mail: Aresty@Mac.com
http://www.Joelaresty.com
By:/s/ Joel M. Aresty, Esq.
Fla. Bar No. 197483

# CAI International, Inc
## Projected Profit & Loss
### December 15 through December 31, 2014

|  | December 31, 2014 |
|---|---:|
| **Ordinary Income/Expense** | |
| **Income** | |
| Phone Sales | 89,000.00 |
| Rate Plans | 69,160.00 |
| Qpay | 180,258.20 |
| Accessories | 50,000.00 |
| Misc. | 0.00 |
| **Total Income** | 388,418.20 |
| | |
| **Cost of Goods Sold** | |
| Phone Purchases | 89,000.00 |
| **Cost of Goods Sold** | |
| Qpay | 172,859.47 |
| Accessories Purchases | 20,000.00 |
| **Total Cost of Goods Sold** | 192,859.47 |
| | |
| **Total COGS** | 281,859.47 |
| | |
| **Gross Profit** | 106,558.73 |
| | |
| **Expense** | |
| Alarm | 0.00 |
| Office Supplies | 500.00 |
| **Automobile Expense** | |
| Van 1 | 575.43 |
| Van 2 | 502.93 |
| Van 3 | 457.12 |
| Van 4 | 419.35 |
| Van 5 | 398.53 |
| Ford F150 | 454.90 |
| Ford Rapture | 1,075.52 |
| **Total Automobile Expense** | 3,883.78 |
| | |
| Bank Service Charges | 1,200.00 |
| **Insurance** | |
| Auto | 1,451.02 |
| Workers Comp | 1,838.85 |
| Insurance - Other | 0.00 |
| **Total Insurance** | 3,289.87 |
| **License & Permitrs** | |
| Store 101 | 0.00 |
| Store 102 | 108.00 |
| Store 115 | 324.00 |
| Store 117 | 90.00 |
| Store 206 | 324.00 |
| Store 207 | 773.31 |
| **Total License & Permits** | 1,619.31 |

# CAI International, Inc
## Projected Profit & Loss
### December 15 through December 31, 2014

|  | December 31, 2014 |  |  |
|---|---:|---:|---|
| **Professional Fees** |  |  |  |
|     Accounting | 3,000.00 | 1,500.00 | Weekly |
|     Computer | 518.00 |  |  |
|     Legal Fees | 2,000.00 |  |  |
|     Distributions-Avelino Vega | 3,000.00 | 1,500.00 | Weekly |
| **Total Professional Fees** | 8,518.00 |  |  |
|  |  |  |  |
| **Rent** |  |  |  |
|     Store 101 | 6,427.81 | Due 01/01/2015 |  |
|     Store 102 | 4,601.00 | Due 01/01/2015 |  |
|     Store 115 | 6,190.72 | Due 01/01/2015 |  |
|     Store 117 | 4,456.55 | Due 01/01/2015 |  |
|     Store 128 | 3,480.25 | Due 01/01/2015 |  |
|     Store 206 | 6,203.52 | Due 01/01/2015 |  |
|     Store 207 | 10,361.18 | Due 01/01/2015 |  |
| **Total Rent** | 41,721.03 |  |  |
|  |  |  |  |
| **Telephone** |  |  |  |
|     Store 101 | 230.01 |  |  |
|     Store 102 | 152.89 |  |  |
|     Store 115 | 180.34 |  |  |
|     Store 117 | 219.50 |  |  |
|     Store 206 | 207.39 |  |  |
|     Store 207 | 146.63 |  |  |
| **Total Travel & Ent** | 1,136.76 |  |  |
|  |  |  |  |
| **Utilities** |  |  |  |
|   Electric |  |  |  |
|     Store 101 | 1,699.54 |  |  |
|     Store 102 | 565.35 |  |  |
|     Store 115 | 486.09 |  |  |
|     Store 117 | 175.37 |  |  |
|     Store 206 | 346.56 |  |  |
|     Store 207 | 1,576.93 |  |  |
|   Water |  |  |  |
|     Store 117 | 28.05 |  |  |
|     Store 206 | 103.13 |  |  |
|   Waste |  |  |  |
|     Store 101 | 590.78 |  |  |
|     Store 102 | 270.86 |  |  |
|     Store 115 | 260.99 |  |  |
|     Store 117 | 0.00 |  |  |
|     Store 206 | 278.10 |  |  |
|     Store 207 | 315.71 |  |  |
| **Total Utilities** | 6,697.46 |  |  |
|  |  |  |  |
| **Payroll Expenses** |  | Store |  |

# CAI International, Inc
## Projected Profit & Loss
### December 15 through December 31, 2014

|  | December 31, 2014 |  |  |
|---|---:|---|---|
| **Administrative** |  |  |  |
|     Lilia Reyna | 1,120.00 |  | 560.00 Weekly |
| **Sales Manager** |  |  |  |
|     Alejandro Diaz | 2,500.00 |  | 1,250.00 Weekly |
| **Store Managers** |  |  |  |
|     Daniel Tejada | 1,152.00 | 101 | 576.00 Weekly |
|     Victor M. Cristancho | 1,152.00 | 102 | 576.00 Weekly |
|     Natacha Suarez | 1,150.00 | 115 | 575.00 Weekly |
|     William E. Rodriguez | 1,100.00 | 117 | 550.00 Weekly |
|     Alain Delgado Herrera | 1,152.00 | 206 | 576.00 Weekly |
|     Victor Torrez | 1,000.00 | 207 | 500.00 Weekly |
| **Stores Sales Team** |  |  |  |
|     Dayrelis Galban | 634.40 | 102 | 7.93 Per Hour |
|     Gabriela Bolivar | 640.00 | 102 | 8.00 Per Hour |
|     Jorge Dorta | 680.00 | 102 | 8.50 Per Hour |
|     Rogelio Cabrera | 720.00 | 102 | 9.00 Per Hour |
|     Aliucha Delgado | 640.00 | 115 | 8.00 Per Hour |
|     Raul E Garcia | 634.40 | 115 | 7.93 Per Hour |
|     Yenny Herrera | 800.00 | 115 | 10.00 Per Hour |
|     Zsilagi Carmentry | 640.00 | 115 | 8.00 Per Hour |
|     Yanet Gonzalez | 640.00 | 117 | 8.00 Per Hour |
|     Yessiel H Hernandez | 634.40 | 117 | 7.93 Per Hour |
|     Judith Brea | 634.40 | 206 | 7.93 Per Hour |
|     Kevin Gonzalez | 634.40 | 206 | 7.93 Per Hour |
|     Mirelys Barreira | 634.40 | 206 | 7.93 Per Hour |
|     Yoalys Perez Martinez | 634.40 | 206 | 7.93 Per Hour |
|     Jadthiel Oliva Ceballo | 640.00 | 207 | 8.00 Per Hour |
|     Tatiana Mustelier | 640.00 | 207 | 8.00 Per Hour |
| **Comm.** | 0.00 |  |  |
| **UCT6** | 0.00 |  |  |
| **941** | 1,591.72 |  |  |
| **940** | 0.00 |  |  |
| **Contract Labor** |  |  |  |
|     Irina Martinez | 1,120.00 | Admin | 560.00 Weekly |
|     Firestar Wireless | 1,400.00 | Repairs | 700.00 Weekly |
|     Jose A. Nunez | 1,000.00 | Repairs | 500.00 Weekly |
|     Carlos Rodriguez | 1,000.00 |  | 500.00 Weekly |
|     Ernesto Diaz | 910.00 |  | 455.00 Weekly |
| **Total Contract Labor** | 5,430.00 |  |  |
| **Total Payroll Expenses** | 27,828.52 |  |  |
|  |  |  |  |
| **Total Expense** | 96,394.73 |  |  |
|  |  |  |  |
| **Net Income** | 10,164.00 |  |  |

Exhibit "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami
Case 14-37217-AJC
Ch. 11

In Re:
CAI International Inc. d/b/a Metro PCS
    Debtor
_____/

**INTERIM ORDER (I) AUTHORIZING IN PART USE OF
CASH COLLATERAL; (II) GRANTING ADEQUATE
PROTECTION AND TURNOVER; AND (III) SCHEDULING FINAL HEARING**

THIS MATTER came before the court on            at M in Miami Florida, upon the *Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 361, 362 and 363 and 542 or 543 Fed.R.Bankr.P. 4001 and 9014, For an Interim and Final Order Authorizing the Use of Cash Collateral and Granting Adequate Protection and for Turnover* (the "Motion") (Doc   ) filed by the above-captioned debtor-in possession (the "Debtor"). The Motion seeks the entry of an interim order authorizing, on an emergency and limited basis, use of "Cash Collateral" (as that term is defined in Section 363(a) of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code")), including the Cash On Hand (as defined in the Motion), and granting turnover and adequate protection to Lenders (collectively, the "Lenders"). The Court has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in the Motion is in the best interests of the Debtors, their estates and creditors. Proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary. Accordingly, the Court **ORDERS**:

1. The Motion is **GRANTED in part**.
2. The Debtors are authorized to use Cash Collateral only on the terms and conditions set

forth on the record at the hearing and in accordance with the budget attached hereto as Exhibit "A".

3. As adequate protection for the use of Cash Collateral, the Lender is granted a replacement lien on the all post-petition property of the Debtor that is of the same nature and type as Lender's pre-petition collateral.

4. Nothing in this Order shall constitute an adjudication of the validity, priority or extent of any Lender's liens, or the amount of Lender's claim.

5. Final hearing is set for_____. Any motions filed by Lender will also be considered at that same time.

# # #

Submitted by:
JOEL M. ARESTY, P.A.
Counsel for Debtor
309 1st Ave S
Tierra Verde, FL 33715
**Phone: 305-899-9876**
**Fax: 305-723-7893**
E-mail: Aresty@Mac.com
**http://www.Joelaresty.com** By:/s/
Joel M. Aresty, Esq. Fla. Bar No. 197483
Mr. Aresty shall serve copies to all parties in interest by CMECF or mail